**Reyna ROJAS, Eduardo Rojas, on behalf of themselves and on behalf of their minor children, Carlos Rojas and Dulce Rojas, and Long Island Housing Services, Inc., Plaintiffs–Counter–Defendants–Appellees,**

v.

**Gregory SCHKODA, Defendant–Appellant,**

* The Honorable Christopher F. Droney, District Judge for the United States District

**Jason Theobald, Victoria Theobald, Defendants–Counter–Claimants.**

**No. 08–0486–cv.**

United States Court of Appeals, Second Circuit.

April 3, 2009.

Frederick K. Brewington, Esq., Hempstead, N.Y., for Plaintiffs–Appellees.

Thomas F. Liotti, Esq., (Drummond C. Smith on the brief), Garden City, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. CHRISTOPHER F. DRONEY, District Judge.*

**SUMMARY ORDER**

Defendant–Appellant Gregory Schkoda ("Schkoda") appeals the judgment of the United States District Court for the Eastern District of New York (Hurley, *J.*) denying his motion for attorneys' fees under 42 U.S.C. §§ 1988(b) and 3613(c) and sanctions pursuant to Federal Rule of Civil Procedure 11. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

We review the District Court's determination as to attorneys' fees for abuse of

Court for the District of Connecticut, sitting by designation.

discretion. *See LeBlanc–Sternberg v. Fletcher,* 143 F.3d 765, 770 (2d Cir.1998). Similarly, this Court applies an abuse of discretion standard in reviewing the District Court's determination pursuant to Rule 11. *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 333 (2d Cir.1999). To demonstrate an abuse of discretion, Schkoda must show that the District Court has made an error of law or has reached a plainly erroneous decision. *Id.*

The District Court did not abuse its discretion in denying Schkoda's motion for attorneys' fees. Schkoda does not contest the District Court's ruling as to litigation costs. Fees are not to be awarded to a prevailing defendant in a civil rights action unless the plaintiff's action was " 'frivolous, unreasonable, or groundless, or [if] the plaintiff continued to litigate after it clearly became so.' " *LeBlanc–Sternberg,* 143 F.3d at 769 (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). Schkoda has not demonstrated that the District Court was plainly erroneous in finding that Plaintiffs' claims were not frivolous. In particular, we note that three of Plaintiffs' claims survived Defendants' motion for judgment as a matter of law and were presented to the jury. We have held that "a court cannot properly consider a claim to be frivolous on its face if it finds that the plaintiff must be allowed to litigate the claims." *Id.* at 770.

Furthermore, the District Court did not abuse its discretion in denying sanctions under Rule 11. The "safe harbor" provision in Rule 11 mandates that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, allegation, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." Fed. R.Civ.P. 11(c)(1)(A). Schkoda did not comply with the "safe harbor" provision, nor did he file his motion promptly enough such that the opposition could have withdrawn the challenged action. *See In re Pennie & Edmonds LLP,* 323 F.3d 86, 89 (2d Cir.2003) ("Although Rule 11 contains no explicit time limit for serving the motion, the 'safe harbor' provision functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation where the lawyer sought to be challenged lacked an opportunity to correct or withdraw the challenged submission.").

We have considered all of Schkoda's arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.